OPINION.
{¶ 1} Plaintiff-appellant Denise McCauley appeals from a summary judgment rendered against her on her claim for UM/UIM coverage. She contends that the trial court erred in determining that she is not entitled to coverage, because she demonstrated genuine issues of material fact with regard to her entitlement to coverage.
 {¶ 2} We conclude that the trial court erroneously determined that McCauley is not entitled to UM/UIM coverage because it erred in its determination that she was not an employee of the insured company. However, we conclude that summary judgment is nevertheless appropriate, because the record demonstrates that McCauley breached the prompt-notice provisions of the subject insurance policies, and McCauley failed to rebut the presumption that the breach was prejudicial. Accordingly, the judgment of the trial court is affirmed on other grounds.
 I {¶ 3} McCauley failed to include either a statement of the case or of the facts relevant to this appeal, as required by App.R. 16(A)(5) and (6). Counsel is hereby reminded of the duty to comply with these rules of appellate procedure in future filings.
 {¶ 4} In January, 1995, Tyrone Trammel was a passenger in a motor vehicle driven by Dion Gullatte when that vehicle collided with another vehicle as a result of Gullatte's negligence. Trammel was fatally injured. At the time of the accident, Trammel was residing with his mother, plaintiff-appellant Denise McCauley, who was an employee of Maplewood Associates, Inc. At the time of the accident, McCauley performed work at Amole, Inc. through her employment with Maplewood.
 {¶ 5} At all times relevant hereto Amole had three insurance policies in effect. The first policy was Business Auto Policy No. GCA 729-82-33 issued by defendant-appellee Great American Alliance Insurance Co. (Great American). The second policy is an umbrella policy issued by Great American Insurance Co. of New York (GAINY), designated as Policy No. UMB 1-26-49-80-06. The third policy, designated as No. PAC 126-49-79-06, is a commercial general liability policy issued by defendant-appellee American Alliance Insurance Co. (AAIC). The AAIC policy also lists Maplewood as an insured.
 {¶ 6} McCauley filed suit in the Montgomery County Court of Common Pleas seeking a determination that she is entitled to uninsured motorist insurance coverage pursuant to Scott-Pontzer v. Liberty Mut. Fire Ins.Co., 85 Ohio St.3d 660, 1999-Ohio-292. She gave notice of her claim to Great American, GAINY and AAIC by letter dated March 14, 2002.
 {¶ 7} Following discovery, Great American, GAINY and AAIC filed a motion for summary judgment contending that McCauley was not an employee of Amole, and consequently was not covered by their policies of insurance. They also argued that McCauley had breached the provisions in each policy regarding prompt notice of claims. McCauley argued that, based upon the loaned-servant doctrine, she was an employee both of Maplewood and of Amole.
 {¶ 8} The trial court rendered summary judgment in favor of Great American, GAINY and AAIC, holding the loaned-servant doctrine inapplicable under the facts of this case. The trial court further found that McCauley was not an employee of Amole at the time of the accident, and consequently was not entitled to coverage under the Great American or GAINY policies. The trial court further noted that while the AAIC policy listed Maplewood as an insured, that policy did not provide, and was not required to provide, UM/UIM coverage. Thus, the trial court found that McCauley was not entitled to UM/UIM coverage under that policy.
 {¶ 9} From the summary judgment rendered against her, McCauley appeals.
 II {¶ 10} McCauley's First and Second Assignments of Error are as follows:
 {¶ 11} "The trial court erred when it granted summary judgment to Great American Insurance and Great American Alliance Ins. Co. as there were genuine issues of fact in dispute."
 {¶ 12} "The court's conclusion that plaintiff-appellant was not an employee of Amole was contrary to law."
 {¶ 13} McCauley contends that the trial court erred in granting summary judgment to Great American, GAINY and AAIC.[1] In support, she argues that the trial court incorrectly determined that she was not an employee of Amole, and thus, not entitled to UM/UIM coverage under the subject policies. Great American, GAINY and AAIC argue that the trial court's decision is correct. They further argue that this court should affirm the trial court's decision on the basis that McCauley prejudicially breached the prompt-notice provisions in all three policies.
 {¶ 14} On appeal, a reviewing court conducts a de novo review of a trial court's summary judgment entry. Grafton v. Ohio Edison Co.,77 Ohio St.3d 102, 105, 1996-Ohio-336. Civ.R. 56(C) provides that summary judgment is proper when (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, viewing the evidence most strongly in favor of the non-moving party, that reasonable minds can come to but one conclusion, which is adverse to the non-moving party. See Zivich v. Mentor Soccer Club, Inc., 82 Ohio St.3d 367,369-370, 1998-Ohio-389.
 {¶ 15} We begin with the trial court's finding that the loaned-servant doctrine is not applicable to claims for coverage made pursuant to Scott-Pontzer, and the finding that McCauley was not an employee of Amole.
 {¶ 16} We disagree with the trial court in its conclusion that the loaned-servant doctrine cannot be utilized in making a claim for UM/UIM coverage under the holding enunciated by the Ohio Supreme Court inScott-Pontzer. The trial court's decision was based upon a finding that the subject accident did not arise out of services rendered by McCauley as a servant loaned to Amole. However, we conclude that this situation is encompassed by the Scott-Pontzer decision; i.e., coverage is permitted for an employee, or his family member, involved in a motor vehicle accident during non-work time. It is the claimant's status as an employee of the insured that brings the claimant within the scope ofScott-Pontzer, regardless of whether the claimant is actually working for the insured at the time of injury; unless, of course, the insurance policy expressly excludes coverage for injuries incurred not within the scope of employment.
 {¶ 17} We also disagree with the trial court's finding that McCauley was not an employee of Amole. In this case, in attempting to prove that McCauley was employed by Maplewood rather than Amole, the insurance companies presented evidence that McCauley was paid by Maplewood and that Maplewood generated her W-2 tax forms even when she performed services for Amole. McCauley contends that she rebutted the claim that she was not employed by presenting her own affidavit, in which she averred simply that she worked at Amole at the time of the accident.
 {¶ 18} The loaned-servant rule provides that where one person lends his servant to another for a particular employment, within the context of that employment the servant is treated as if he were the servant of the one to whom he was loaned. Ferguson v. Dyer,149 Ohio App.3d 380, 2002-Ohio-1442, ¶ 14. The loaned-servant relationship is not affected by the fact that the party who loaned the servant continues to pay him, as long as the "borrowing" party controls the servant while he accomplishes the task he was sent to perform. Lawsonv. May Dept. Store, 2001-Ohio-3453, citation omitted.
 {¶ 19} When seeking summary judgment, the moving party bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on an essential element of the non-moving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280. Because the insurance companies contend that McCauley was not an employee of Amole, they were required to meet their initial burden on summary judgment to present evidence affirmatively demonstrating that she could not establish her employment. We conclude that the evidence before the trial court was insufficient to meet that burden. The evidence introduced by the insurance companies — that Maplewood paid McCauley's wages — is not dispositive of the issue of whether she was a loaned servant, and cannot, therefore, be the basis for an award of summary judgment. Accordingly, we conclude that the trial court erred when it decided that McCauley was not an employee of Amole for purposes of uninsured/underinsured motorist coverage.
 {¶ 20} We next turn to the claim that McCauley breached the prompt-notice provisions in the policies. From our review of the policies we find that each contained "notice" provisions.
 {¶ 21} The Ohio Supreme Court, in Ferrando v. Auto-Owners Mut.Ins. Co., 98 Ohio St.3d 186, 2002-Ohio-7217, set forth a two-step approach for determining whether notice-of-claim provisions have been breached and the effect thereof:
 {¶ 22} "The first step is to determine whether a breach of the provision at issue actually occurred. The second step is, if a breach did occur, was the insurer prejudiced so that UIM coverage must be forfeited? * * *
 {¶ 23} "The two-step approach in late-notice cases requires that the court first determine whether the insured's notice was timely. This determination is based on asking whether the UIM insurer received notice `within a reasonable time in light of all the surrounding facts and circumstances'. * * * If the insurer did not receive reasonable notice, the next step is to inquire whether the insurer was prejudiced. Unreasonable notice gives rise to a presumption of prejudice to the insurer, which the insured bears the burden of presenting evidence to rebut." Id. at ¶ 89-91.
 {¶ 24} We note that McCauley did not give notice to the insurance companies for more than seven years after the accident. She attempts to explain the late notice by claiming that the delay was harmless because the accident occurred prior to the Scott-Pontzer decision. She also avers in her affidavit filed with the trial court that she was not aware of the possibility of coverage until so informed by her attorney in the summer of 2001.
 {¶ 25} McCauley did not give notice for almost three years after the Scott-Pontzer decision, and almost one year after she was advised of the possibility that she might have such a claim. As a result, we find McCauley's argument that her delay was reasonable to be without merit.
 {¶ 26} We find that based upon the record and the facts before us that the prompt-notice provision was breached, and that the delay in notification was presumptively unreasonable and prejudicial. McCauley failed to provide any evidence to rebut this presumption.[2]
 {¶ 27} McCauley argues that the insurers' subrogation rights were not prejudiced because there was no dispute as to Gullatte's liability and there was no dispute that Gullatte was uncollectible. In short, she reasons that her failure to notify the companies of the accident was harmless because any attempt to collect from Gullatte would have been unsuccessful. She supports this argument with her affidavit in which she avers as follows: "I didn't bring a wrongful death lawsuit because I knew Dion Gullatte didn't have any insurance on his car, and I knew that Dion didn't own anything of significant value that would provide any type of compensation. Dion was only 23 years old at the time of the accident."
 {¶ 28} This is not proper evidence under Civ.R. 56(E). This is merely a conclusory argument without any supporting foundation.
 {¶ 29} We conclude that McCauley's failure to give notice of her claim has damaged the insurers' opportunity to investigate the accident, determine and verify the extent of loss, and pursue a subrogation claim against Gullatte. Based upon the foregoing, we conclude that the insurance companies have been prejudiced by McCauley's failure to give notice of her claims. Furthermore, McCauley has failed to present any evidence to rebut the presumption of prejudice.
 {¶ 30} We conclude that McCauley's proffered excuse for her seven-year delay in notifying the insurance companies is insufficient and unreasonable. We further conclude that under this record, the insurance companies were prejudiced as a result of the breach of the prompt-notice provisions contained in the policies. McCauley failed to offer any evidence to rebut the presumption of prejudice arising under Ferrando, supra. Therefore, we conclude that while the trial court improperly grounded summary judgment on the basis of McCauley's employment status, summary judgment was nevertheless appropriately rendered on the basis of McCauley's failure to have given the insurance companies prompt notice of her claims.
 {¶ 31} McCauley's First and Second Assignments of Error are overruled.
 III {¶ 32} Both of McCauley's Assignments of Error having been overruled, the judgment of the trial court is affirmed.
WOLFF and GLASSER, JJ., concur.
(Honorable George M. Glasser Retired from the Sixth Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).
[1] Although her statement of the Assignment of Error does not purport to raise an argument with regard to the trial court's finding that she is not entitled to coverage under the AAIC policy, we note that she does make mention of this finding as error in her argument in support of this Assignment of Error. Therefore, we will address coverage under all three policies.
[2] McCauley contends in her appellate brief that the parties did not have an opportunity to conduct discovery on the issue of breach and prejudice. However, we note that the issue was raised and fully discussed by the insurance companies at the trial court level, that the parties had time in which to conduct discovery, that McCauley filed her response thereto, and that she did not seek any extension of time in which to conduct any more discovery.